UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIOMA ANICHE, | No. 2:24-cv-01532-CKD |
| Plaintiff, | |
| v. | ORDER |
| UR MENDOZA JADDOU, et al., | |
| Defendants. | |

Plaintiff Obioma Aniche filed a complaint for declaratory and injunctive relief against United States Citizenship and Immigration Services ("USCIS"), and individual defendants, arising from the denial of plaintiff's I-360 petition. (ECF No. 1.) Pursuant to the parties' consent and the court's order of September 20, 2024, this matter was before the undersigned for all purposes including trial and entry of judgment. (ECF Nos. 12, 13, 14.) The defendants seek to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction and their motion is fully briefed. (ECF Nos. 8, 11, 18.) The court previously found this matter to be appropriate for decision without oral argument under Local Rule 302(g). (ECF No. 19.) For the reasons set forth below, the motion to dismiss is granted.

**I. Allegations in the Complaint**

Under the complaint's allegations, plaintiff, a Nigerian citizen and native, was previously married in Nigeria and the marriage was dissolved in Nigeria. (ECF No. 1, ¶ 22.) In 2017,

1  plaintiff entered the United States with a valid B-2 visa and married her second husband, Johnnie
2  Moore, a U.S. Citizen, on May 22, 2017. (Id., ¶¶ 23-24.) On March 1, 2021, plaintiff filed an I-
3  360 self-petition under the Violence Against Women Act ("VAWA") based on abuse suffered
4  from her U.S. citizen spouse. (Id., ¶¶ 16, 25.)

5        Following submission of the original divorce decree from plaintiff's first marriage in
6  Nigeria in response to a Notice of Intent to Deny ("NOID"), USCIS denied the I-360 petition on
7  November 3, 2022, finding the divorce could not be verified to establish the validity of plaintiff's
8  subsequent marriage. (ECF No. 1, ¶¶ 27-28.) Plaintiff filed an I-290B motion to reopen with
9  additional evidence authenticating the divorce decree, and USCIS reopened the case. (Id., ¶¶ 29,
10 30.) In response to another NOID, plaintiff submitted further additional evidence from Nigerian
11 legal authority corroborating the divorce decree. (Id., ¶ 30.)

12       On July 21, 2023, USCIS dismissed the I-360 petition on the basis that the legal document
13 was "fraudulent." (ECF No. 1, ¶ 31.) USCIS alleged the judicial signature from the Assistant
14 Chief Registrar was invalid based on their Consulate exemplars but failed to articulate their proof
15 or acknowledge the evidence plaintiff acquired from the Nigerian Courts stating otherwise. (Id.)
16 Plaintiff filed an appeal with the Administrative Appeals Office ("AAO"). (Id., ¶ 33.) The AAO
17 dismissed the appeal and declined to provide discovery or explanation of USCIS's allegations
18 despite plaintiff's overwhelming evidence meeting her burden of proof that her divorce in Nigeria
19 was valid. (Id., ¶¶ 33, 35.) Plaintiff filed a second I-290B motion to reopen which was dismissed.
20 (Id., ¶¶ 33-34.)

21       Plaintiff filed the complaint on May 31, 2024. (ECF No. 1.) The complaint asserts a cause
22 of action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A)[1], and seeks to
23 compel defendants to produce evidence leading to the denial and for this court to review the
24 record in its entirety to rule on the issue of plaintiff's divorce validity. (Id., ¶¶ 42-45.)

---

[1] The complaint cites 5 U.S.C. § 706(2)(C), which permits a reviewing court to review agency action alleged to be in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. However, the complaint does not allege agency action in excess of jurisdiction; instead, it alleges the agency action was "arbitrary, capricious and an abuse of discretion, otherwise not in accordance with the law" which corresponds to 5 U.S.C. § 706(1)(A).

**II. Legal Standard for Rule 12(b)(1)**

"A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." Renteria v. United States, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979)). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Renteria, 452 F. Supp. 2d at 919.

**III. Discussion**

To obtain the relief she sought under the VAWA, plaintiff had to demonstrate, among other things, that her "marriage or the intent to marry the United States citizen was entered into in good faith" and that during the marriage she had been "battered or [subjected to] extreme cruelty" perpetrated by her spouse. 8 U.S.C. § 1154(a)(1)(A)(iii)(I)(aa)-(bb); see also 8 C.F.R. § 204.2(c) (regulation listing requirements for VAWA petitions). Here, the USCIS denied plaintiff's application for VAWA status upon a determination that plaintiff's divorce in Nigeria could not be verified to establish the good faith intent of her subsequent marriage. (ECF No. 1, ¶¶ 27-28.)

Plaintiff alleges the court has jurisdiction under the APA and specifically cites 5 U.S.C. § 702. (ECF No. 1, ¶ 13.) Defendants counter that the APA provides no basis for jurisdiction where "statue precludes judicial review" or "agency action is committed to agency discretion by law." See 5 U.S.C. § 701(a). (ECF No. 18 at 2.) Relevant here, defendants argue, the Immigration and Nationality Act ("INA") expressly prohibits judicial review of any "decision or action . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security" other than the granting of asylum relief. 8 U.S.C. § 1252(a)(2)(B)(ii). (ECF No. 8 at 7.) In addition, defendants argue, the INA provision governing petitions for immigrant status specifically provides that in assessing a VAWA self-petition, "the determination of what evidence is credible and the weight to be given that evidence" falls within the sole discretion of the Attorney General." 8 U.S.C. § 1154(a)(1)(J).

Plaintiff does not dispute that 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of some discretionary decisions. That jurisdiction-stripping provision provides, in relevant part:

> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B). This provision applies to decisions where Congress has taken the additional step to specify that the sole authority for the action is in the discretion of the Attorney General or the Secretary of Homeland Security. See Kucana v. Holder, 558 U.S. 233, 247 (2010) (construing "both clauses [of § 1252(a)(2)(B)] to convey that Congress barred court review of discretionary decisions only when Congress itself set out the… discretionary authority in the statute").

Plaintiff argues the decision at issue is not discretionary, and thus not within the scope of 8 U.S.C. § 1252(a)(2)(B)(ii). (ECF No. 11 at 7-8.) Plaintiff argues the sole issue for determination is whether plaintiff was legally married to the abuser, by examination of the legality of the divorce from her previous spouse. (Id. at 2.) According to plaintiff, determining whether an individual was legally married is a question of law, rather than a discretionary decision delegated solely to the agency. (Id. at 7.) Plaintiff frames the claim presented as "not requesting this court to review USCIS' discretionary decision on ultimately granting the VAWA relief, but to review one of the underlying statutory requirements of whether Plaintiff was a spouse or intended spouse that comports to the statutory requirements of VAWA." (Id. at 8-9.)

Despite plaintiff's attempts to frame the issue simply as review of an underlying statutory requirement or otherwise not discretionary, plaintiff takes issue with the decision to discredit

certain evidence, which is a negative credibility determination, and thus plaintiff brings a challenge to weight and credibility determinations. Moreover, the focal inquiry is not whether the determination at issue is discretionary, but instead, whether Congress set out the determination plaintiff challenges to be in the discretionary authority of the Attorney General or the Secretary of Homeland Security. See Kucana, 558 U.S. at 247; Poursina v. United States Citizenship & Immigr. Servs., 936 F.3d 868, 871 (9th Cir. 2019) ("By its own terms, [§ 1252(a)(2)(B)(ii)] refers not to 'discretionary decisions,' ... but to acts the authority for which is specified under the INA to be discretionary." (citation omitted)).

Notably, plaintiff's opposition does not address 8 U.S.C. § 1154(a)(1)(J), which is the specific provision by which defendants argue Congress took the additional step to specify the Attorney General's sole authority for the discretion in question. That subsection provides as follows:

> In acting on petitions filed under clause (iii) or (iv) of subparagraph (A) or clause (ii) or (iii) of subparagraph (B), or in making determinations under subparagraphs (C) and (D), the Attorney General shall consider any credible evidence relevant to the petition. The determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General.

8 U.S.C. § 1154(a)(1)(J). Plaintiff does not dispute that her VAWA self-petition is a petition described in this provision. The language of 8 U.S.C. § 1154(a)(1)(J) provides for "pure discretion, rather than discretion guided by legal standards[,]" and thus 8 U.S.C. § 1252(a)(2)(B)(ii) applies. See Perez Perez v. Wolf, 943 F.3d 853, 866 (9th Cir. 2019) (in the Ninth Circuit, § 1252(a)(2)(B)(ii) applies if (1) the language of the statute in question provides the discretionary authority and (2) the statute provides pure discretion, rather than discretion guided by legal standards).

Because Congress has set out the Attorney General's sole discretionary authority in 8 U.S.C. § 1154(a)(1)(J) to make the factual determinations plaintiff challenges, this court is deprived of jurisdiction over plaintiff's claim by § 1252(a)(2)(B). Other district courts presented with similar issues recently have similarly concluded there is no jurisdiction to review USCIS's denial of a VAWA I-360 self-petition where, as here, the plaintiff challenges credibility

determinations or weighing of evidence. See Odusami v. U.S. Citizenship & Immigr. Servs., No. 23-CV-20621-ESK, 2024 WL 4002785, at *2 (D.N.J. July 26, 2024) (finding no jurisdiction to review whether the VAWA self-petitioner met his burden to show he was in a qualifying marital relationship); Singh v. Garland, No. 23-CV-3920, 2024 WL 4333288, at *3 (N.D. Ill. Sept. 27, 2024) (finding no jurisdiction to review denial of a VAWA reclassification application (Form I-360) based on 8 U.S.C. §§ 1252(a)(2)(B)(ii) and 1154(a)(1)(J)); Egahi v. Garland, No. 21-CV-02938-LKG, 2023 WL 4490351, at *4 (D. Md. July 12, 2023) ("Sections 1154(a)(1)(J) and 1252(a)(2)(B)(ii) preclude judicial review of this matter because the amended complaint makes clear that Plaintiff challenges the Defendants' discretionary determinations regarding the weight and credibility of the evidence provided in support of his petition").

**IV. Conclusion and Order**

For the reasons set forth above, 8 U.S.C. § 1252(a)(2)(B) and 8 U.S.C. § 1154(a)(1)(J) deprive this court of jurisdiction over plaintiff's APA claim.

Accordingly, IT IS ORDERED as follows:

1. Defendants' motion to dismiss (ECF No. 8) is granted.
2. The Clerk of the Court is directed to close this case.

Dated: December 4, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, anic24cv1532.mtd

6